**STATE of Missouri, Respondent,**

v.

**Kenneth REED, Appellant.**

No. 45980.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 17, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1984.

**546**

David L. Hoven, Pacific, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury of first degree robbery, a violation of § 569.020, RSMo.1978. He was found to be a persistent offender and sentenced to 25 years imprisonment. We reverse and remand for a new trial.

On July 23, 1981, a United Parcel Service driver, David Buescher, was making deliveries on Gamble Street in the City of St. Louis. After an unsuccessful attempt to deliver a package, he returned to his truck. He was in the process of updating his worklog when someone knocked him over. A man later identified as defendant then proceeded to the rear of the truck where he began grabbing packages. Another man later identified as Henry Johnson, after wrestling with the driver for a few moments, stood up and according to the driver "was in position so as to threaten me . . . ." David Buescher demonstrated to the jury the position Johnson assumed. However, no description of it was made for the record. After both men grabbed as many packages as they could carry, they fled on foot. They ran north on Elliot and then into an apartment building, in which Johnson lived, located on Dickson.

The police arrived and positioned their car at the corner of Elliot and Dickson. They soon observed Henry Johnson walking down the street away from the apartment building. They did not attempt to stop him because they did not feel he matched the initial description of the robbery suspects. They soon received an updated description of the suspects and realized Henry Johnson matched the description. They drove around the immediate area until they spotted Johnson on the front porch of his apartment where he was arrested. A search of Johnson revealed a small, loaded gun tucked in the waistband of his pants. The police arrested defendant in the bedroom of Johnson's apartment. The UPS packages were recovered in the kitchen. Approximately 15 minutes elapsed from the time of the robbery to the arrest.

Henry Johnson was convicted of second degree robbery. His conviction was affirmed on appeal in *State v. Johnson*, 670 S.W.2d 882 (Mo.App.E.D.1984). During defendant's trial, the state introduced the gun seized from Johnson into evidence. David Buescher, the driver, was asked to demonstrate the position Johnson had assumed, was handed the weapon and asked to place it in his right pocket. Although there is no description in the record as to the appearance this created, Buescher stated that was the way Johnson looked. He testified that he never saw a weapon but he told the police that he thought both men were armed. He also told police he thought Johnson had a knife because "I just thought a knife would fit in his pocket."

■ Defendant urges reversal on the ground that the state has failed to sufficiently prove all the essential elements of the crime of robbery first degree. Section 569.020.1, RSMo.1978, provides that:

A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,

(1) Causes serious physical injury to any person; or

(2) Is armed with a deadly weapon; or

(3) Uses or threatens the immediate use of a dangerous instrument against any person; or

(4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

Defendant was charged under subsection two, that he or one of the participants was "armed with a deadly weapon." Defendant contends that there is insufficient evidence of a deadly weapon to support his conviction. The jury was instructed on first degree robbery in Instruction No. 6 and the lesser included offense of second degree robbery in Instruction No. 7. To convict defendant of first degree robbery, the jury had to find:

First, that on July 23, 1981, in the City of St. Louis, State of Missouri, the defendant and Henry Johnson stole UPS boxes in the charge of David Buescher, and

Second, that Henry Johnson in doing so used or threatened the immediate use of physical force on or against David Buescher for the purpose of preventing resistance to the taking of the property, and

Third, that in the course of stealing the property, Henry Johnson, a participant with the defendant in the crime was armed with a deadly weapon.

The element of a deadly weapon was omitted in Instruction No. 7 on second degree robbery. An instruction must be based upon substantial evidence and reasonable inferences. *State v. Beatty*, 617 S.W.2d 87, 91 (Mo.App.1981). In reviewing the sufficiency of the evidence, we must view all facts and inferences in the light most favorable to the state, and all adverse inferences and evidence will be disregarded. *State v. Turner*, 631 S.W.2d 695, 696 (Mo.App.1982).

■■■ The state may establish any element of a crime by circumstantial evidence. *State v. Woods*, 637 S.W.2d 113, 119 (Mo. App.1982). This includes the element at issue in this case, whether Johnson was armed with a deadly weapon. The facts and circumstances must be consistent with each other and with the hypothesis of defendant's guilt, and inconsistent with his innocence. *State v. Porter*, 640 S.W.2d 125, 127 (Mo.1982). The rule has been refined to mean that circumstances need not be absolutely conclusive of guilt and need

not demonstrate the impossibility of innocence. *State v. Brunson*, 516 S.W.2d 799, 803 (Mo.App.1974).

■■■ We have been unable to find any Missouri case resolving whether, under circumstances similar to these, the state made a submissible case under § 569.020.1(2). In the case at bar, there was evidence from the victim and other eyewitnesses that Henry Johnson placed his hand in his pocket. However, Henry Johnson neither stated he had a weapon nor stated anything from which the victim could infer he had a weapon. The victim never saw a weapon nor part of a weapon. There is no evidence in the record before us that he saw the outline of a weapon nor that Johnson made any gesture indicating possession of a weapon as in *State v. Keeney*, 425 S.W.2d 85, 87 (Mo.1968) (defendant put his hand in his pocket and pushed or directed his pocket upward toward and onto the counter) or in *State v. DeLuca*, 448 S.W.2d 869, 870 (Mo.1970) (defendant put his hands in topcoat pockets and right hand pocket was pushed or protruded forward as though it contained a gun).

While it is true that within fifteen minutes of the robbery, Johnson was captured outside his apartment with a weapon in his waistband, this was a sufficient amount of time for him to return to his apartment, obtain a weapon and leave. It is a reasonable inference that because all of the UPS packages were found in Johnson's kitchen that he went inside his apartment after the robbery. *Compare People v. Elam*, 50 Ill.2d 214, 278 N.E.2d 76 (Ill.1972); *People v. Fultz*, 96 Ill.App.2d 220, 238 N.E.2d 212, 222 (Ill.App.1968). Under these circumstances, the state failed to make a circumstantial case that Johnson was armed with a deadly weapon and therefore, the trial court erred in submitting instruction No. 6 on first-degree robbery to the jury. The testimony that Buescher was pushed from behind, wrestled with Johnson, "felt threatened," and that Johnson had his hand in his pocket constituted substantial evidence that Henry Johnson threatened the immediate use of physical force and therefore

supported the giving of Instruction No. 7 on the lesser included offense of robbery, second degree. *See State v. Harris*, 622 S.W.2d 742 (Mo.App.1981); *State v. Greenlaw*, 593 S.W.2d 641 (Mo.App.1980). The case is reversed and remanded for a new trial on the charge of second degree robbery only.

Defendant challenges the demonstration by the witness of placing a weapon in his pocket. This may or may not recur on retrial. We direct the parties' attention to *State v. Black*, 618 S.W.2d 466, 469–70 (Mo.App.1981). Defendant's remaining points are without merit.

Reversed and remanded for a new trial.

KAROHL, P.J., and CRANDALL, J., concur.