**STATE of Missouri, Plaintiff-Respondent,**

v.

**Mark STEFFENHAGEN, Defendant-Appellant.**

**No. 47154.**

Missouri Court of Appeals, Eastern District, Division Four.

April 24, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1984.

Application to Transfer Denied July 17, 1984.

Henry Robertson, St. Louis, for defendant-appellant.

Kristie L. Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of first degree robbery and the resultant 20 year sentence imposed on him by the court. We affirm.

Defendant challenges the sufficiency of the evidence to support his conviction of the robbery in which it was charged that "in the course thereof defendant threatened the immediate use of a dangerous instrument." Defendant entered the Centerre Bank, wrote a note on the back of a withdrawal slip and handed it to the teller. The note read: "I want $800. This is a robbery. I have a .38 special in my pocket, so don't do anything funny." The teller then activated a silent alarm and gave defendant $1000. Defendant left the teller's window and was apprehended with the money in hand a short distance outside the bank. He was, in fact, unarmed. His defense was based upon diminished mental capacity.

The thrust of defendant's contention is that neither the note nor the ".38 special" identified therein, was a "dangerous instrument." This in turn is based upon a contention that "dangerous instrument" does not include a "deadly weapon." We find no case in Missouri directly deciding this contention. Sec. 569.020 RSMo 1978 provides that robbery in the first degree occurs when a forcible stealing is accompanied by: (1) a participant causing serious physical injury to any person, or (2) any participant being armed with a deadly weapon, or (3) any participant using or threatening the immediate use of a "dangerous instrument against any person" or (4) any participant displaying or threatening the use of "what appears to be a deadly weapon or dangerous instrument." The state elected to charge defendant with violation of subparagraph (3) and the jury was so instructed. Secs. 556.061(8) and (9) RSMo 1978 (Cum.Supp.1982) contain the definitions respectively of "dangerous instrument" and "deadly weapon."

The former means *"any* instrument, article or substance, which under the circumstances in which it is used, is readily capable of causing death or other serious physical injury." (Emphasis supplied) The latter means "any firearm, loaded or unloaded, or any weapon from which a shot, readily capable of producing death or serious physical injury may be discharged, or a switchblade knife, dagger, billy, blackjack or metal knuckles." On the face of the statutory language, it is apparent that a ".38 special," a handgun, meets both definitions. The definitions support a conclusion that a "dangerous instrument" includes most if not all "deadly weapons" although the opposite is not true. *See Whorton v.*

*Commonwealth,* 570 S.W.2d 627 (Ky.1978) [3, 4]. rev'd. on other grounds, 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979).

Defendant points however to the *Comment to 1973 Proposed Code* following Sec. 556.061 V.A.M.S., which states that the terms "dangerous instrument" and "deadly weapon" are used in the Code in reference to several crimes, including homicide and assault offenses, burglary and robbery. The comment then states "the distinction between the two is not significant in the crimes against the person but is in robbery and burglary." The comments have been recognized as having particular importance in ascertaining the legislative intent. *State v. Beishir,* 646 S.W.2d 74 (Mo. banc 1983) [1]. From this defendant concludes that the terms are mutually exclusive and that the threatened .38 special was a deadly weapon not a dangerous instrument. We disagree.

■■■ The thrust of the robbery first degree statute is to encompass those situations where the victim is placed *either* in unusually great danger *or* fear of bodily injury. Comment V.A.M.S. Sec. 569.020. Sub-paragraphs (1) and (2) deal with the danger element. The first obviously concerns a situation where in fact serious injury has occurred. The second, which does not require the display, use or threat of the "deadly weapon"[1] addresses the strong possibility that an armed robber will inflict serious bodily injury or death during the course of the forcible stealing. For that reason it limits its application to those instrumentalities which by their nature serve no other purpose than as weapons. A similar provision is found in the burglary first degree statute. Sec. 569.160 RSMo 1978. Subparagraphs (3) and (4) deal more specifically with the fear element to the victim. Subparagraph (3) involves not only conduct creating actual danger but also conduct which creates the fear of injury to the victim from the instrumentality being used. The purpose of this subparagraph does not require that a distinction be drawn between weapons per se and otherwise useful instrumentalities being utilized as weapons as is necessary under subparagraph (2). It is not therefore necessary to include in that subparagraph both "dangerous instrument" and "deadly weapon" to encompass the conduct prohibited. Subparagraph (4) is concerned with the fear generated by that which may be neither a deadly weapon nor a dangerous instrument but which is utilized so as to give the appearance of being such, as for instance a toy pistol, a protruding finger in the pocket or a soft rubber baseball bat. *See State v. Dickerson,* 607 S.W.2d 196 (Mo.App.1980) [1, 2]. While inclusion of the phrase "deadly weapon" is not necessary to reach the vice prohibited by this subparagraph, we cannot presume its inclusion was intended to reduce the scope of the vice addressed in subparagraph (3). We believe, therefore, the distinction referred to as important in robbery in the Comment is fully explained by the purposes sought to be achieved in each of the subparagraphs. As to subparagraph (3) the distinction is unimportant. As to subparagraph (2) it is important and it was therefore necessary to utilize a phrase, "deadly weapon," to encompass some but not all of the instrumentalities included in the phrase "dangerous instrument." The two phrases are not mutually exclusive; deadly weapons are simply a more specifically defined group of dangerous instruments. The defendant was properly charged and convicted of "threatening the immediate use of a dangerous instrument."

■ Defendant's remaining points deal with the failure to give instructions on the lesser included offenses of robbery second degree and stealing. There was no evidence to support a conviction of those charges in the event the jury found defendant not guilty of first degree robbery. The only evidence was that defendant received the money as a result of threatened use of a .38 special. Under those circumstances the lesser included offense instructions

---

1. *See* Comment Sec. 569.170 V.A.M.S.

were properly refused. *State v. Dickerson, supra,* [3–5].

Judgment affirmed.

GAERTNER, P.J., and STEPHAN, J., concur.

