**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Charles HUMPHREY,
Defendant–Appellant.**

**Charles HUMPHREY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 53807, 56189.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 17, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 16, 1990.

Application to Transfer Denied
June 19, 1990.

David C. Hemingway, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is a consolidated direct appeal and appeal from the denial of relief on defendant's Rule 29.15 motion stemming from his conviction of robbery in the first degree, § 569.020 RSMo 1978. We affirm in part, reverse in part and remand with directions.

Defendant Charles Humphrey was convicted by a jury on July 6, 1987 and on September 14, 1987 was sentenced to a term of twenty-six years imprisonment. The evidence revealed that on December 17, 1981 defendant entered Church's Chicken Restaurant on Page and Goodfellow through the back door. Defendant had his hand in his pocket which appeared as if he had a gun concealed in the jacket. The manager of the restaurant, Carter Williams, testified he saw something protruding under the material of the jacket pocket. Defendant rushed into the office and told everyone to get down on the floor. He then ordered Williams to open the safe. Williams opened it and placed the money on the floor. He testified he complied because defendant had a gun.

Defendant took the money and told the employees to stay on the floor and not to get up or he would "blow" their brains out. After he left, Williams, ignoring the admonition of the defendant, followed at a distance. Defendant entered a car while Williams noted the license plate number. He called the police and they arrived a few minutes later. He gave the police the license plate number. The police showed Williams an array of photographs in which he singled out the defendant. He later viewed a lineup in which he again identified the defendant. The defendant was also identified at trial.

Defendant's brother Nick Humphrey testified he owned a car which matched the description and license plate number of the automobile which departed the scene. Nick Humphrey related that he lent the car to a woman named Kathy who was a friend of the defendant.

At the close of state's evidence, defendant filed a motion for judgment of acquittal which was denied. Defendant did not testify and presented no evidence on his behalf.

Defendant's first point on appeal charges the trial court erred in failing to instruct

the jury on the lesser-included offense of second degree robbery because the evidence presented supported an acquittal on the charge of robbery in the first degree.

Section 569.020 RSMo (1978) states:

1. A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,

(1) Causes serious physical injury to any person; or

(2) Is armed with a deadly weapon; or

(3) Uses or threatens the immediate use of a dangerous instrument against any person; or

(4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

2. Robbery in the first degree is a class A felony.

■ "Trial courts are not obligated to instruct on lesser included offenses unless there is a basis for a verdict acquitting the defendant of the greater offense and convicting him of the included offense." *State v. Murray*, 744 S.W.2d 762, 773 (Mo. banc 1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 181, 102 L.Ed.2d 150 (1988). We have also said that a lesser included offense instruction is not required when there is evidence that the defendant uses or threatens the immediate use of a dangerous instrument in the course of the robbery. *State v. Steffenhagen*, 671 S.W.2d 344, 346 (Mo. App.1984).

■ In *Steffenhagen*, we said that the thrust of the robbery first degree statute is to encompass those situations where the victim is placed *either* in unusually great danger *or* fear of bodily injury. We further stated that subparagraph (4) is concerned with the fear generated by that which may be neither a deadly weapon nor a dangerous instrument but which is utilized so as to give the appearance of being such. Thus defendant's argument, that there was no testimony establishing the defendant displaying a weapon or threatening to use a weapon, is nonsense.

■ The evidence patently showed that the defendant had his hand in his jacket and appeared to be concealing a dangerous instrument or a deadly weapon and that the victims were in the fear of their lives. These facts manifestly support and comply with subparagraph (4) of § 469.020.1 and the trial court did not err in denying defendant's submitted instruction on the lesser included offense of robbery in the second degree. Point denied.

The second point defendant raises on appeal alleges the trial court clearly erred in overruling defendant's motion to quash the jury panel based on the ground the assistant circuit attorney had used four of his six peremptory strikes to remove black venire members. Defendant asserts trial court's ruling—no *prima facie* showing under Batson v. Kentucky exists whenever a jury roughly reflects the proportion of defendant's race in the general community—is misplaced and in error.

■ "[T]he Equal Protection Clause forbids the prosecutor to challenge potential jurors *solely* on account of their or on the assumption that black jurors as a group will be unable impartially to consider the state's case against a black defendant." *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986). (Emphasis added). To establish a *prima facie* case of purposeful racial discrimination under *Batson*, a defendant must meet three requirements; first, the defendant must show he is a member of a cognizable racial group; second, the defendant must show that the prosecutor exercised peremptory challenges to remove venire members of the defendant's race; and third, the defendant must point to other relevant circumstances which raise the inference of racial discrimination as a basis for these strikes. *Id.,* 106 S.Ct. at 1723. The standard for appellate review of a *Batson* issue is the findings of the trial court are not to be set aside unless they are clearly erroneous. *State v. Antwine*, 743 S.W.2d 51, 66 (Mo. banc 1987).

■ In the case at bar defendant states the trial court perceived no apparent reason for the state's removal of black venire members. This is misleading. The record

shows the trial court made this statement *before* the state volunteered its reasons for striking the venire members. After hearing these reasons, and noting that five members of the black race remained on the panel and the state used only four of its six strikes on black jury members, the trial court determined no *prima facie* showing of a *Batson* claim existed. We have previously held that a defendant is not denied equal protection when the convicting jury was not monochromatic. *See State v. Crump,* 747 S.W.2d 193, 196 (Mo.App. 1988); *State v. McMillian,* 779 S.W.2d 670, 673 (Mo.App.1989). We find no error. Point denied.

The third point defendant raises in this appeal charges error in trial court's denial of defendant's motion to suppress identification because the photo array and lineup were impermissibly suggestive.

■ A two step analysis is required to determine the admissibility of an out of court identification. *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d. 1247 (1968); *State v. Higgins,* 592 S.W.2d 151, 159 (Mo. banc 1979), *appeal dismissed,* 446 U.S. 902, 100 S.Ct. 1825, 64 L.Ed.2d 254 (1980). The first determination is whether the investigatory procedures employed by the police were impermissibly suggestive and, if so, then were so suggestive they created a "very substantial likelihood of an irreparable misidentification at trial." *Higgins, supra* at 159; *See also State v. Pieron,* 755 S.W.2d 303, 308 (Mo.App.1988).

Defendant bases his allegation of an impermissibly suggestive identification on two grounds. First, defendant alleges in the photo array shown to Carter Williams, defendant was the only subject fitting the description Williams gave to the police. At trial Carter Williams testified defendant's photograph was the only one shown to him which fit the description he gave to the police.

■ The showing of even a single photograph of a suspect to a witness is not impermissibly suggestive if there is no accompanying improper comment or activity on the part of the police. *Pieron, supra* at

308. In this case Williams was shown seven photographs of suspects. There is no allegation of any improper comment or activity on the part of the police during the showing of the photo array to Williams. We find that Williams testifying only one photograph fit the description does not meet the standard of suggestiveness set out in the cases above.

■ Secondly, defendant states the lineup was suggestive because only one other suspect fit the description of defendant. Williams again testified that he picked defendant from a lineup of five suspects and in this lineup only one other participant came close to matching the description he gave to police. "[I]t is unreasonable to require that the members of the lineup be identical in appearance." *State v. Reasonover,* 700 S.W.2d 178, 183 (Mo.App.1985). Defendant must present evidence that rebuts the conclusion the lineup was fair and compatible to his general characteristics. *State v. Lee,* 491 S.W.2d 317, 322 (Mo. banc 1973). Defendant presents no such evidence in this case. Defendant's third point is denied.

Defendant's fourth point on appeal charges the trial court plainly erred in sentencing defendant as a persistent offender who must serve a minimum term under § 558.019 RSMo 1986. He bases this claim on the fact that the robbery occurred on December 17, 1981 while the statute became effective on January 1, 1987.

■ Defendant did not raise this objection at the time of sentencing, or in his motion for new trial. He seeks plain error review. Plain error may be considered on appeal even when not preserved for review upon a sound and substantial showing that a miscarriage of justice will result if relief is not granted. *State v. Wood,* 719 S.W.2d 756, 759 (Mo. banc 1986). In *State v. Lawhorn,* 762 S.W.2d 820 (Mo. banc 1988), the Missouri Supreme Court found that the application of § 558.019 RSMo 1986 constituted an *ex post facto* law. The court noted an *ex post facto* law is one which is retrospective and disadvantages the offender. *Id.* at 824. The law as applied to

*Lawhorn* was retrospective because its effective date was January 1, 1987, and the alleged offense occurred prior to that date. *Id.*

■ The facts in the case at bar mirror those in *Lawhorn*. The statute went into effect in 1987 while the crime occurred in 1981. Therefore, in accord with *Lawhorn* we find the application of § 558.019 RSMo 1986 in this case to be retrospective violating the *ex post facto* clause (United States Constitution, Article I, Section 10; Missouri Constitution, Article I, Section 13.) The trial court's sentencing of defendant under this statute constitutes plain error. We remand for resentencing of defendant under Section 217.690 RSMo 1986.

In his last point defendant charges the post-conviction motion court clearly erred in failing to address his claim of ineffective assistance of counsel where his attorney failed to obtain a pretrial ruling on defendant's motion to suppress identification.

■ If the movant has not himself verified either the original or amended motion the trial court is not required to rule on the merits of the motions. *Quinn v. State*, 776 S.W.2d 916, 918 (Mo.App.1989). Any original or amended motion which is not verified is grounds for dismissal. *Mills v. State*, 769 S.W.2d 469 (Mo.App.1989).

In this case defendant filed a verified *pro se* motion on February 24, 1988. On May 4, 1988 defendant's counsel filed a first amended motion. This amended motion was unverified because it lacked defendant's signature. In the verified *pro se* motion defendant fails to allege ineffective assistance of counsel in failing to obtain a pretrial ruling on defendant's motion to suppress identification. This allegation only appears in the unverified amended motion. This lack of verification left nothing for the trial court to consider and leaves nothing for this court to review. Point dismissed.

Judgment of conviction is affirmed, and sentencing determination remanded consistent with the directions contained in this opinion.

CRANDALL and KAROHL, JJ., concur.