STATE of Missouri, Plaintiff–Respondent,

v.

Jeffrey F. ARCHER, Defendant–Appellant.

Jeffrey F. ARCHER, Plaintiff–Appellant,

v.

STATE of Missouri, Defendant–Respondent.

Nos. 16583, 17164.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 26, 1991.

**316**

Rosalynn Koch, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PARRISH, Presiding Judge.

Jeffrey Archer (defendant) was convicted, following a jury trial, of two offenses of robbery in the first degree and one offense of armed criminal action. Sections 569.020 [1] and 571.015. He thereafter filed a motion for post-conviction relief pursuant to Rule 29.15. It was denied after an evidentiary hearing. Defendant appeals the judgments of conviction in his criminal case and the order dismissing his Rule 29.15 motion. Those appeals were consolidated as required by Rule 29.15(*l*). This court affirms the judgments of conviction in the criminal case and dismisses the appeal from the order denying defendant's Rule 29.15 motion.

Defendant was charged with six counts of robbery in the first degree (Counts I, III, IV, VI, VII and VIII) and with two counts of armed criminal action (Counts II and V). The trial court sustained defendant's motion for judgment of acquittal at the close of the state's evidence as to Counts VI, VII and VIII. The jury found defendant guilty of two counts of robbery in the first degree (Counts I and III) and one count of armed criminal action (Count II) and not guilty of the offenses charged in Counts IV and V. In order to determine the issues defendant has presented by this appeal, it is necessary to recite only those facts applicable to Count III. Those facts are applicable to defendant's first point on appeal. Defendant's second point on appeal requires no further fact recitation other than the reference to jury deliberations included in the part of the opinion that discusses that point.

Defendant entered a business establishment—the Fast and Friendly Store—at which Daniela Grant Taylor worked. He came into the store about midnight and asked for "jumper cables." Daniela told defendant that she did not have jumper cables. Defendant got a cup of coffee, drank it and smoked a cigarette, paid for

---

**1.** Citations to statutes are to RSMo 1986 unless otherwise stated.

the coffee, and left the store. Defendant returned "at 3:54 a.m." Daniela recognized him as being the same person who had been in the store earlier. She asked defendant "if his car was working okay." He answered, "Yes, fine now." Defendant got a candy bar, paid for it, and, as Daniela started to close the cash drawer, said, "For a living I rob people." He told Daniela, "So I need all the money out of your drawer."

Daniela put the money in a paper sack. Defendant then pulled back his jacket and revealed an object in his pocket. Defendant told her, "I don't want to hurt you because you're a nice girl."

Daniela testified as to what she saw: "It was just a brown tip. I wasn't for sure if it was a gun or a knife. I didn't take time to pay attention, I was too scared." She gave the money to defendant. He told her "to go in the back room and stay back there until I leave." She did as she was told.

For his first point on appeal, defendant claims the trial court erred in overruling his motion for acquittal "with respect to Count III, the robbery committed upon Daniela Grant" because "the state failed to show [defendant] displayed or threatened the use of what appeared to be a deadly weapon or dangerous instrument, Ms. Grant only having testified to seeing a 'brown tip.' "

Section 569.020 states, as is pertinent to this case:

1. A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,

.        .        .        .        .

(4) *Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.* (Emphasis added.)

.        .        .        .        .

A "dangerous instrument" is "any instrument, article or substance, which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury." Section 556.-061(9), RSMo Supp.1988. A "deadly weapon" is "any firearm, loaded or unloaded, or any weapon from which a shot, readily capable of producing death or serious physical injury may be discharged, or a switchblade knife, dagger, billy, blackjack or metal knuckles." Section 556.061(10), RSMo Supp.1988.

█ It is unnecessary for the victim of robbery in the first degree to assure that the perpetrator of the crime has the means to inflict serious injury or deadly harm. "Robbery in the first degree may be found where the victim is in fear even though there was no real possibility of injury." *State v. Collins*, 567 S.W.2d 144, 146 (Mo. App.1978). The fact that a victim perceives there to be a weapon that remains unseen is sufficient whether or not, in fact, such a weapon exists. *Id.* Whether or not the object that is perceived as a deadly weapon or dangerous instrument is in fact capable of producing harm is unimportant. The threat to use the object to produce harm transmogrifies it into a dangerous instrument. *See State v. Anderson*, 663 S.W.2d 412, 416 (Mo.App.1983).

█ Daniela believed that defendant had a gun or a knife although she had not seen enough of the object that was concealed upon his person to know what it was. Defendant had shown the "brown tip" of an object to Daniela and explained, "I don't want to hurt you." Daniela testified that she wasn't sure whether the object was a gun or a knife—that she was too scared to pay attention. The jury had sufficient evidence from which it could conclude that the object that defendant displayed appeared to Daniela to be a deadly weapon or a dangerous instrument. It had a reasonable basis from which it could find that Daniela complied with defendant's demands to deliver the money he sought because she was in fear of personal harm from a knife or a gun—a dangerous instrument or a deadly weapon. *See State v. Foster*, 665 S.W.2d 348, 350 (Mo.App.1984); *State v. Steffenhagen*, 671 S.W.2d 344, 346 (Mo.App.1984); *State v. Dickerson*, 607 S.W.2d 196, 197–98 (Mo.App.1980). Defendant's first point is denied.

For his second point on appeal, defendant contends that the trial court erred in not granting his motion for mistrial after it granted his "motion for judgment of acquittal as to Counts VI, VII and VIII" at the close of state's evidence. Defendant argues that the jury heard evidence of other crimes—those charged by Counts VI, VII and VIII—and that this prevented him from receiving a fair trial.

Defendant relies on *State v. Duren*, 556 S.W.2d 11, 20 (Mo. banc 1977), *rev'd on other grounds sub nom. Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979); and *State v. McCrary*, 621 S.W.2d 266, 272 (Mo. banc 1981), in arguing that the trial court erred in not granting a mistrial. No request for mistrial was made in either of those cases. Both involved questions of whether multiple offenses, charged jointly, should have been severed for separate trials.[2] In both cases, the supreme court held that there was no prejudice in not severing the multiple offenses for separate trials.[3] Defendant points, nevertheless, to the language in *Duren* that states:

> The court remains under a continuing duty during trial to counter prejudice and order severance if necessary to achieve the fair result intended.

556 S.W.2d at 20; *quoted in McCrary* at 1.c. 272.

Defendant's logic in relying on severance cases in support of his argument that a mistrial should have been granted in this case is sound in that had a mistrial been granted, the result would have been the same as granting a severance "during trial to counter prejudice"—there would have been a separate trial for the offenses that were submitted to the jury. Those offenses might have been tried together or each might have been tried separately. Either way, the jury or juries that would have determined them would not have heard evidence that related to the offenses to which the trial court sustained defendant's motion for acquittal. However, as was also stated in *Duren* at 1.c. 20:

> [S]everance is a matter within the sound discretion of the trial court directed toward achieving a fair determination of the defendant's guilt or innocence of each offense charged. The court should consider, among other relevant factors, the number of offenses charged, the complexity of the evidence to be offered and whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

■ Just as severance is a matter within the sound discretion of the trial court, so is the decision of whether to grant a mistrial. *State v. Schneider*, 736 S.W.2d 392, 400–01 (Mo. banc 1987). The same factors that were suggested in *Duren* as appropriate considerations in deciding whether to grant severance are appropriate considerations under the facts of this case in reviewing the trial court's decision not to grant a mistrial.

■ The number of offenses charged were not unwieldy nor oppressive due to their nature. Defendant does not contend, and this court does not find, that the evidence of each offense was complex. There is no indication that the jury had difficulty in distinguishing the evidence applicable to each offense charged or in applying the law applicable to each offense. The jury heard two and one-half days of testimony and arguments of counsel. The jury deliberated from 11:28 a.m. until 4:37 p.m. on the five counts that were submitted to

---

2. The record on appeal in this case reflects no request by defendant to sever the offenses with which he was charged either before trial commenced or at any other time.

3. The offenses joined for trial in *Duren* were "murder first degree and assault with intent to kill." 556 S.W.2d at 13. The opinion does not state the date the offenses were committed. The date the appeal was decided, 1977, suggests, however, that the offense of first degree murder in that case may have been the offense defined

either in § 559.010, RSMo 1969, or § 559.007, RSMo Supp.1975. Both of those statutes have been repealed. First degree murder is now defined in § 565.020, RSMo 1986. It is appropriate to note that a homicide charge under § 565.020, first degree murder, cannot be joined for trial with any offense other than another homicide charge under the same statute except when the defendant is a prior offender. *See* § 565.004.

them for determination. After it began deliberations, the jury communicated with the court only one time before it reached its verdicts. Shortly after commencing deliberations, at 11:59 a.m., the jury sent a written question to the trial court. The jurors asked for soft drinks and for the exhibits that had been admitted into evidence. They were given the exhibits (and the soft drinks) that they requested. There was no further communication between the trial court and the jury until the jury arrived at its verdicts. The fact that evidence was adduced as to offenses that resulted in defendant's acquittal upon a motion for acquittal at the close of the state's case did not taint the convictions about which defendant now complains. *See State v. Thomas,* 710 S.W.2d 937, 940 (Mo.App. 1986); and *People v. Chianakas,* 114 Ill. App.3d 496, 69 Ill.Dec. 902, 909, 448 N.E.2d 620, 627 (1983).

A trial court has wide discretion in determining whether to impose the drastic remedy of mistrial. *State v. Hornbuckle,* 769 S.W.2d 89, 96 (Mo. banc), *cert. denied,* 493 U.S. 860, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989). The trial court in this case did not abuse that discretion in denying defendant's request for mistrial. Defendant's second point is denied.

Although defendant filed a notice of appeal in case number 17164, he presented no points for argument that were directed to that case. As such, he has abandoned, for purposes of appeal, those issues he presented to the motion court. *Jones v. Eagan,* 715 S.W.2d 596 (Mo.App.1986).

The judgments of conviction in case number 16583 are affirmed. The appeal in case number 17164 is dismissed.

FLANIGAN, C.J., and SHRUM, J., concur.