**Robert C. HARLING, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 26838.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 29, 2005.

Amy M. Bartholow, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

Appellant Robert C. Harling ("Movant") appeals from the motion court's denial without an evidentiary hearing of his amended motion to vacate, set aside or correct judgment and sentence filed pursuant to Rule 24.035.[1] On appeal, Movant maintains that his guilty plea to the charge of first degree robbery, a violation of section 569.020.1(4), was invalid in that there was an inadequate factual basis upon which to find that he "threatened the use of what appeared to be a deadly weapon or dangerous instrument."[2] We affirm the judgment of the motion court.

On September 20, 2000, Movant was charged by Felony Information with committing the class A felony of robbery in the first degree in that he "forcibly stole U.S. currency and Missouri Lottery tickets in the charge of [gas station clerk] Teressa Prince, and in the course thereof [Movant] threatened the immediate use of what appeared to be a deadly weapon or dangerous instrument."

On October 5, 2001, Movant appeared before the plea court in order to plead guilty to the aforementioned charge. In establishing the factual basis for Movant's guilty plea, the State asserted that on July 4, 2000, Movant entered "the Express Lane convenience store at 1821 West Grand in Springfield, Greene County, Missouri." Movant approached the clerk, who "noticed that [Movant] had his hand down the front of his pants as if he were holding a weapon ...," and "told her this was a robbery, would she like to make it a homicide." After informing Movant that he could take whatever he wanted from the store as long as he did not hurt her, the clerk was able to flee from the building and contact the police. When the police arrived, they apprehended Movant at the

---

1. Unless otherwise stated, all rule references are to Missouri Court Rules (2004) and all statutory references are to RSMo 2000.

2. Section 569.020.1 states:

 A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,

 (1) Causes serious physical injury to any person; or
 (2) Is armed with a deadly weapon; or
 (3) Uses or threatens the immediate use of a dangerous instrument against any person; or
 (4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

scene and found on him "some lottery tickets, cash, and also the purse that belonged to [the clerk]." Movant agreed that the facts as recited by the State were correct. Movant also acknowledged that he had been advised of all of his constitutional rights; that he understood his rights; and that he and his attorney had discussed the case at length.

Thereafter, the plea court accepted Movant's guilty plea; found that Movant understood the nature of the charges against him; that he understood the consequences of entering his plea; and that his plea was entered voluntarily.

On December 21, 2001, Movant was sentenced to seventeen years imprisonment with the execution of that sentence suspended pending Movant's compliance with the terms of his probation, which included his placement in Talbot House, a mental health treatment facility.

Subsequently, the plea court was notified on June 12, 2002, that Movant had violated one of the terms of his probation by being terminated from treatment at Talbot House and, accordingly, Movant's probation was revoked on November 7, 2002. Execution of his originally imposed sentence followed.

Movant filed a *pro se* Rule 24.035 motion on February 13, 2003, and his court appointed counsel filed an amended Rule 24.035 motion on May 21, 2003. In dismissing Movant's amended motion without an evidentiary hearing, the motion court found there was a sufficient factual basis upon which to premise Movant's conviction. Specifically, the motion court found that "[a]ll that was necessary was the reasonable perception of a weapon" and that Movant's threats aimed at the gas station clerk were sufficient to prove that he committed the crime of first degree robbery. This appeal followed.

Appellate review of the denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Ross v. State*, 48 S.W.3d 667, 669 (Mo.App.2001). "The findings and conclusions are deemed erroneous if after reviewing the record, this [C]ourt is left with the definite and firm belief that a mistake has been made." *Saffold v. State*, 982 S.W.2d 749, 752 (Mo. App.1998). We presume that the motion court's findings and conclusions are correct. *Butts v. State*, 85 S.W.3d 132, 134 (Mo.App.2002).

Rule 24.035 provides that a movant will receive an evidentiary hearing unless "the files and records of the case conclusively show that the movant is entitled to no relief...." Rule 24.035(h). In order for a Rule 24.035 movant to be entitled to an evidentiary hearing, the movant must satisfy three requirements: "(1) he must allege facts and not conclusions, which, if true, would warrant relief; (2) the allegations must not be refuted by the record; and (3) the matters of which he complains must have resulted in prejudice to his defense." *Azbell v. State*, 144 S.W.3d 863, 869 (Mo.App.2004). "The motion court need not conduct an evidentiary hearing if it determines 'the motion and the files and records of the case conclusively show that the movant is entitled to no relief.'" *Copas v. State*, 15 S.W.3d 49, 55 (Mo.App. 2000) (quoting Rule 24.035(h)).

Rule 24.02(e) provides that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Prior to accepting a plea of guilty, the trial court must "determine facts which defendant admits by his plea and that those facts would result in defendant being guilty of the offense charged." *Hoskin v.*

*State,* 863 S.W.2d 637, 639 (Mo.App.1993). "If the facts presented to the court during the guilty plea hearing do not establish the commission of the offense, the court should reject the guilty plea." *Carmons v. State,* 26 S.W.3d 382, 384 (Mo.App.2000). "A defendant is not required to admit or to recite the facts constituting the offense in a guilty plea proceeding, so long as a factual basis for the plea exists." *Brown v. State,* 45 S.W.3d 506, 508 (Mo.App.2001). The recital of a factual basis for the charge helps to ensure the guilty plea is knowing and voluntary. *See Carmons,* 26 S.W.3d at 384. This Court's "focus 'is on whether the plea was made intelligently and voluntarily [and not on] whether a particular ritual is followed or every detail explained.'" *Daniels v. State,* 70 S.W.3d 457, 461 (Mo.App.2002) (citation omitted). Furthermore, "[r]elief under [Rule 24.02(e)] is available only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Schuerenberg v. State,* 98 S.W.3d 922, 923–24 (Mo.App.2003). "Absent an abuse of discretion, this Court defers to the trial court's determination as to whether a prisoner's guilty plea was voluntary." *Jenkins v. State,* 9 S.W.3d 705, 708 (Mo.App.1999).

 Here, Movant contends the trial court failed to elicit a sufficient factual basis to prove that he "threatened the use of what appeared to be a deadly weapon or dangerous weapon." Movant cites *State v. Reed,* 670 S.W.2d 545 (Mo.App.1984), in support of his contention that having one's hand in one's pocket during a robbery without additional evidence is insufficient to support a conviction for first-degree robbery. *Id.* at 547. However, *Reed* is distinguishable from the facts of the instant case.

 In *Reed,* the perpetrator neither stated he had a weapon nor did the victim infer he had a weapon. Indeed, the perpetrator in *Reed* made no gesture indicating possession of a weapon. However, "[i]t is unnecessary for the victim of robbery in the first degree to assure that the perpetrator of the crime has the means to inflict serious injury or deadly harm." *State v. Archer,* 814 S.W.2d 315, 317 (Mo. App.1991). "The fact that a victim perceives there to be a weapon that remains unseen is sufficient whether or not, in fact, such a weapon exists." *Id.* "Whether or not the object that is perceived as a deadly weapon or dangerous instrument is in fact capable of producing harm is unimportant. . . ." *Id.* "[T]he thrust of the robbery first degree statute is to encompass those situations where the victim is placed *either* in unusually great danger *or* fear of bodily injury." *State v. Humphrey,* 789 S.W.2d 186, 189 (Mo.App.1990). It has long been held that section 569.020.1(4) "is concerned with the fear generated by that which may be neither a deadly weapon nor a dangerous instrument but which is utilized so as to give the appearance of being such." *Id.*

We determine the factual basis laid by the State clearly showed that Movant made statements to the clerk indicating he possessed a weapon and threatened the victim with the immediate use of a dangerous instrument, i.e., "this is a robbery, would you like to make it a homicide." Additionally, Movant "had his hand down the front of his pants," thereby appearing to be concealing a dangerous instrument or a deadly weapon, such that he threatened to turn a simple robbery into a homicide. The fact that no actual weapon was recovered is inconsequential as is the fact that Movant did not actually harm the store clerk. He threatened the life of the clerk and acted as if he was holding a gun or other weapon in his pants. There was a sufficient factual basis established at the

plea hearing to support Movant's subsequent conviction and sentence for the crime of robbery in the first degree. Movant's guilty plea was knowingly and voluntarily entered in the plea court and the motion court, in denying Movant's request for an evidentiary hearing, was correct in finding that his Rule 24.035 motion was "refuted by the record."

The judgment of the motion court is affirmed.

GARRISON, J., and BATES, C.J., concur.