Kenneth LAWRENCE, Appellant,

v.

STATE of Missouri, Respondent.

No. 27630.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 26, 2006.

Nancy A. McKerrow, Columbia, for Appellant's.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Stephanie L. Wan, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Judge.

Kenneth Paul Lawrence ("Movant") appeals from the motion court's denial of his Amended Motion to Vacate, Set Aside, or

Correct Judgment and Sentence brought pursuant to Rule 24.035.[1] Movant maintains there was an insufficient factual basis to find that he caused serious physical injury to his victim, an essential element of first degree domestic assault under section 565.072. We affirm the judgment of the motion court.

The record reveals Movant was charged by amended information on October 6, 2003, with the class A felony of Domestic Assault in the First Degree, a violation of section 565.072.[2] Thereafter, on October 7, 2003, on the date his case was set for trial, Movant elected not to have a jury trial and instead, pursuant to a plea agreement, pled guilty to the aforementioned charge.

At the guilty plea hearing, the trial court read the amended information to Movant and Movant specifically stated he had committed the elements of the crime as charged. Movant stated that he understood the charges against him; that he understood the terms of his plea agreement; that he understood he had a right to proceed to trial; that he understood the possible sentences he was facing; and that he understood the rights he was waiving by pleading guilty. Movant informed the plea court that he had, in fact, committed the crime with which he was charged. Movant assured the plea court that his plea was being entered "freely, voluntarily and of [his] own accord ... [i]n complete understanding of [his] Constitutional rights."

Movant confirmed that he and the female victim had been residing together for some time as "members of the same household." The plea court asked Movant to explain how the event at issue occurred and the following exchange occurred:

Movant: She wanted to have sex and always drunk and she like to be fist f—ed and I did that and she got to bleeding and started blaming me for it. And threatened to take me to the cops and have me arrested for it and I tried to tell her she wasn't going to do that. That's when I started hitting her, that's it.

* * *

The Court: Now, as a result of these actions you took, you say you punched her and kicked her and did other things to her. She was bleeding, where was she bleeding?

Movant: Well, I did not kick her.

The Court: Punched her?

Movant: Punched her.

The Court: With the fist?

Movant: Yeah.

The Court: Where did you punch her?

---

1. Unless otherwise specified, all rule references are to Missouri Court Rules (2006) and all statutory references are to RSMo 2000.

2. Section 565.072 provides:
   1. A person commits the crime of domestic assault in the first degree if he or she attempts to kill or knowingly causes or attempts to cause serious physical injury to a family or household member or an adult who is or has been in a continuing social relationship of a romantic or intimate nature with the actor, as defined in section 455.010 ....
   2. Domestic assault in the first degree is a class B felony unless in the course thereof the actor inflicts serious physical injury on the victim in which case it is a class A felony.

Section 455.010(5) defines "family" or "household member" as
   spouses, former spouses, adults related by blood or marriage, adults who are presently residing together or have resided together in the past, an adult who is or has been in a continuing social relationship of a romantic or intimate nature with the victim, and adults who have a child in common regardless of whether they have been married or have resided together at any time.

**518**

Movant: I hit her in the face a couple of times I think.

The Court: And where was she, you say she was bleeding, where was she bleeding?

Movant: From her cunt.

The Court: From her vagina?

Movant: Yes.

The Court: That was the result of some of the activities?

Movant: Sexual activity, yes.

The Court: That you had been doing?

Movant: Yes.

The Court: What had you inserted into her vagina to cause that?

Movant: My fist.

The Court: Your fist?

Movant: Yes.

The Court: And as a result you saw blood that was coming from her as a result of that with your fist?

Movant: Yes.

The Court: So you knew she was injured that way?

Movant: I knew she was bleeding.

The Court: As a result of the punching to the face, did you see injury in that location?

Movant: Not so much, no.

The Court: What did you observe about the results of the fist to the face?

Movant: She had maybe a place on her lip.

The Court: Where she had been hit, was it cut?

Movant: Little cut or something.

The Court: Little blood coming out of the lip?

Movant: Little bit, yes, sir.

The Court: Any other injuries that you observed at that time?

Movant: No.

The Court: As a result of these activities was she treated medically, did she require medical treatment?

Movant: Yeah, I think she ended up going to the hospital.

The State then noted that the female victim was treated at the hospital for "bruising about the face," "cuts to the face," and a "severe" nine centimeter tear to the inside of her vagina. The State indicated it had medical reports which indicated "it was a serious injury and [there was] extensive blood loss. There [were] also other cuts." The Court then inquired of Movant again:

The Court: [The State] indicated during your testimony you indicated that [the victim] was intoxicated. Were you intoxicated as well?

Movant: I had a few drinks but as far as intoxicated, no. She was drunker than a lizard. The test results showed .30, that's pretty well on the way.

The Court: Were you, did you feel, you didn't feel that you were intoxicated?

Movant: No.

* * *

The Court: And [the victim] was quite intoxicated during this event; isn't that correct?

Movant: Well, she appeared to me to be.

The Court: And you knew that what you were doing was causing injury to her, didn't you?

Movant: Yes.

The Court: Was there any question about the fact that she didn't consent to that injury?

Movant: She didn't consent to the affects of me hitting her.

The Court: But the injury to her vagina, do you believe she consented to that ripping and tearing of that injury?

Movant: It was a sexual act that was not practiced all that much. So it wasn't really, I wasn't very familiar with it, sir. She did it and it got out of hand a little bit.

The Court: Resulted in injury?

Movant: Yes.

The Court: But there was no question that she felt that she was injured and hurt, you said she was whaling and screaming afterwards?

Movant: No, never did whale or scream that I recall. Pretty much sulled up like an old possum or something.

The Court: You said she was bleeding and injured, you knew that?

Movant: Yes.

The Court: She knew she was injured, didn't she? You knew she knew?

Movant: I would say, yes.

The Court: In fact, isn't that the reason why you hit her because she was complaining about the injuries?

Movant: Because she said, yeah, going to turn me in and what not.

The record also reflects Movant stated that he was satisfied with his counsels' representation; that his attorneys had "done the things for [him] that [he] ha[d] asked them to do;" that they had not failed to do anything he had requested; and that they had counseled him about pleading guilty and the effects of doing so. Thereafter, the plea court found Movant was guilty of the crime charged and that his "plea is entered voluntarily, understandingly and knowingly...." Movant was then sentenced as a prior and persistent offender per section 558.016 to twenty years imprisonment in the Missouri Department of Corrections.

Following the filing of his amended Rule 24.035 motion, the motion court denied relief.[3]

In its Findings of Fact and Conclusions of Law, in which it denied Movant's motion, the motion court found that Movant

stated unequivocally that he inserted his fist into the victim's vagina. Even though he said that he did so in furtherance of some type of sex act, there is no dispute that he acknowledged that he did so purposely and knowingly. The statement of the prosecutor was that this resulted in a tear of nine centimeters to the victim's vagina. Movant clearly understood at the time of his plea that his actions caused injury to the victim resulting in vaginal bleeding and hospitalization.

The court finds that [M]ovant's contention that his actions were done during the course of sexual activity which was itself voluntary in its inception does not show that he did not admit to acting knowingly with respect to the assault. A person who voluntarily commits an act is responsible for the consequences of that act. By inserting his fist into the victim's vagina, for whatever purpose, [M]ovant was acting knowingly and is responsible for the consequences of that act. The consequences of that act were to cause serious physical injury to the victim. The record establishes that [M]ovant understood the elements of the crime with which he was charged and admitted the facts which established each of these elements.

■ Movant now raises one point on appeal in which he asserts his plea was not knowingly and voluntarily entered in that there was an inadequate factual basis for

---

**3.** The parties agreed that an evidentiary hearing on Movant's Rule 24.035 motion was not necessary.

his guilty plea. Specifically, he asserts "that the sexual act which resulted in serious physical injury to [the victim] was consensual, and therefore there was no factual basis to support the essential element of first degree domestic assault that [Movant] knowingly caused serious physical injury to [the victim]."

Appellate review of the denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Ross v. State*, 48 S.W.3d 667, 669 (Mo.App.2001). " 'The findings and conclusions are deemed erroneous if after reviewing the record, this [C]ourt is left with the definite and firm belief that a mistake has been made.' " *Goings v. State*, 1 S.W.3d 600, 601 (Mo.App.1999) (quoting *Saffold v. State*, 982 S.W.2d 749, 752 (Mo.App.1998)). We presume that the motion court's findings and conclusions are correct. *Butts v. State*, 85 S.W.3d 132, 134 (Mo.App.2002).

Rule 24.02(e) provides that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Prior to accepting a plea of guilty, the trial court must " 'determine facts which defendant admits by his plea and that those facts would result in defendant being guilty of the offense charged.' " *Carmons v. State*, 26 S.W.3d 382, 384 (Mo.App.2000) (quoting *Hoskin v. State*, 863 S.W.2d 637, 639 (Mo.App.1993)). "If the facts presented to the court during the guilty plea hearing do not establish the commission of the offense, the court should reject the guilty plea." *Id.*

During a guilty plea proceeding, "[a] defendant is not required to admit or to recite the facts constituting the offense in a guilty plea proceeding, so long as a factual basis for the plea exists." *Brown v. State*, 45 S.W.3d 506, 508 (Mo.App.2001). However, Movant shall express "an awareness of the nature and elements of the charge to which he or she pleads guilty." *Vann v. State*, 959 S.W.2d 131, 134 (Mo. App.1998). The recital of a factual basis for the charge helps to ensure the guilty plea is knowing and voluntary. *See Carmons*, 26 S.W.3d at 384. This Court's "focus 'is on whether the plea was made intelligently and voluntarily [and not on] whether a particular ritual is followed or every detail explained.' " *Daniels v. State*, 70 S.W.3d 457, 461 (Mo.App.2002) (quoting *Holloway v. State*, 989 S.W.2d 216, 219–20 (Mo.App.1999)). Furthermore, "[r]elief under [Rule 24.02(e) ] is available only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Schuerenberg v. State*, 98 S.W.3d 922, 923–24 (Mo. App.2003). "Absent an abuse of discretion, this Court defers to the trial court's determination as to whether a prisoner's guilty plea was voluntary." *Jenkins v. State*, 9 S.W.3d 705, 708 (Mo.App.1999).

Section 562.016.3 sets out that

[a] person 'acts knowingly', or with knowledge,

(1) With respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist; or

(2) With respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result.

Here, Movant informed the plea court that he had been residing with the victim in an adult relationship as members of the same household. Movant specifically admitted to the plea court that he inserted his fist into the victim's vagina; he acknowledged "that what [he] w[as] doing was causing injury to her;" that he knew

she was bleeding as a result of his acts; that he was aware she was seriously injured; and that he knew she had to go to the hospital to be treated for the injuries he caused to her vagina. In his own words, Movant admitted facts which were sufficient to result in Movant being found guilty of the offense charged.

■ Additionally, while this Court notes that " 'in limited circumstances, consent is a 'defense' to any degree of assault," *State v. George*, 937 S.W.2d 251, 254 (Mo.App.1996) (quoting *State v. Dunlap*, 639 S.W.2d 201, 206 (Mo.App.1982)), nothing in the record before this Court suggests that the victim consented to being injured by Movant.

Section 556.061(5) states that:

consent or lack of consent may be expressed or implied. Assent does not constitute consent if . . . [i]t is given by a person who by reason of . . . intoxication, is manifestly unable or known by the actor to be unable to make a reasonable judgment as to the nature or harmfulness of the conduct charged to constitute the offense.

Movant noted that on the evening in question he "had a few drinks . . . ," but was not intoxicated; however, Movant remarked several times during the plea hearing that victim was intoxicated. On one occasion he related that victim was "was drunker than a lizard. The test results showed .30, that's pretty well on the way." Due to the victim's manifest state of intoxication as well as Movant's awareness that she was highly intoxicated, the victim was unable to give valid consent to the sexual acts performed on her by Movant. Furthermore, in reiteration, Movant affirmed unequivocally that he inserted his fist into the victim's vagina. While he stated he did so in furtherance of some type of sex act, there is no dispute Movant acknowledged he did so knowingly. The record reveals this resulted in a nine centimeter tear in the victim's vagina resulting in loss of blood and hospitalization. Saliently, he responded in the affirmative when the trial court asked him if he knew that what he was doing was causing injury to the victim. Additionally, Movant even admitted that after she started bleeding he "started hitting her, that's it." Lastly, Movant informed the trial court that he understood the charges against him as recited in the amended information, to-wit:

on or about the 3rd day of August, 2002, . . . [Movant] knowingly caused serious physical injury to [the victim] by punching and kicking her and by forcibly inserting an object into her vagina, and in the course thereof inflicted serious physical injury to [the victim],

and [the victim] and [Movant] were family or household members in that [the victim] and [Movant] were adults who resided together.

Movant's guilty plea was knowingly and voluntarily entered. *Harling v. State*, 172 S.W.3d 889, 893 (Mo.App.2005). The motion court's findings of fact and conclusions of law were not in error. *Id.* Point denied.

The judgment of the motion court is affirmed.

BATES, C.J., and LYNCH, J., concur.