**STATE of Missouri, Plaintiff/Respondent,**

v.

**Keith MULDER, Defendant/Appellant.**

**No. 67325.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 2, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 20, 1996.

Application to Transfer Denied
March 26, 1996.

---

1. We express no opinion on the merits of plaintiffs' claims.

Sindel & Sindel, P.C., Richard H. Sindel, Clayton, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Breck K. Burgess, Assistant Attorney General, Jefferson City, for Respondent.

Before REINHARD, P.J., KAROHL, J., and WHITE, Special Judge.

PER CURIAM.

Defendant appeals from the judgment entered on his conviction by a jury of attempted first degree robbery, § 564.011 (RSMo1994;) § 569.020 (RSMo1994.) He was sentenced as a persistent offender, § 558.016 (RSMo1994,) to a ten year term of imprisonment. We reverse and order defendant discharged.

The state proved defendant entered a Phillips 66 Company service station at approximately 3:00 a.m. on August 22, 1993. He slammed a stick on the counter and requested money. The cashier testified she was "kinda shocked", but merely stood and stared at the man through a bullet-proof security window. He then said, "[d]on't make me pull a gun on you." The cashier was "pretty sure there was no gun" because defendant did not have a place to conceal one based on the way he dressed. He wore shorts, no shirt and a bandanna around his head. She responded, "[s]how me a gun and I'll give you the money." Defendant neither attempted to enter the locked, self-contained cubicle where the cashier worked nor did he attempt to break or strike the bullet-proof glass that surrounded the cubicle. He then fled. The cashier called the police. An officer saw defendant flee the service station after he received a report from the police dispatcher informing him the Phillips 66 station had just reported a robbery attempt. The officer apprehended, arrested, then took the defendant back to the station for identification.

Defendant contends the trial court erred in not sustaining a judgment of acquittal because the state failed to prove all the elements of attempted robbery first degree. He argues the state failed to make a submissible case of the "underlying offense's corpus delicti or that [defendant] took a substantial step toward its commission." We agree.

■ When reviewing for sufficiency of the evidence to support a conviction, we accept as true, all evidence and inferences tending to support the verdict and disregard all evidence and inferences to the contrary. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). We determine whether there was sufficient evidence from which a reasonable juror might find the defendant guilty. *Id.*

The elements of first degree robbery are set out in § 569.020.1 RSMo 1994:

1. A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,

(1) Causes serious physical injury to any person; or

(2) Is armed with a deadly weapon; or

(3) Uses or threatens the immediate use of a dangerous instrument against any person; or

(4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

Attempt is defined in § 564.011.1 RSMo 1994 as:

1. A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

The elements necessary to constitute attempt are: (1) the intent to commit the crime, (2) an overt act toward its commission, (3) failure of consummation, and (4) the apparent possibility of commission. *State v. Olds,* 603 S.W.2d 501, 508 (Mo. banc 1980)[1]; *State v. McCrary,* 900 S.W.2d 227, 230 (Mo. App.W.D.1995); *State v. Reyes,* 862 S.W.2d 377, 381 (Mo.App.S.D.1993); *State v. Blaney,* 801 S.W.2d 447, 449 (Mo.App.1990); *State v. Hardy,* 735 S.W.2d 153, 154 (Mo.App.1987); *State v. Miller,* 692 S.W.2d 339, 341 (Mo.App. 1985).

In this case, the first three elements were proven. The question is whether the state offered evidence from which a reasonable juror could find defendant had an apparent possibility to commit robbery first degree. On that issue, the only inculpatory evidence is that defendant entered the service station with a stick, slammed it on the counter, and demanded money from the cashier. The cashier described the "stick" as black with rounded ends and approximately twelve inches long. Further, the state admitted in opening statement "[the cashier] was safe behind the bullet proof glass" when defendant demanded the money. Under these facts, the stick was neither a dangerous instrument or a deadly weapon as required by § 569.020.1 RSMo 1994. No physical injury resulted from the incident and no immediate use of the stick against the cashier was possible.

The same analysis applies to defendant's statement regarding a gun. The cashier knew from her own observation he did not possess a gun. No gun was displayed, used, or threatened in a manner which would give an appearance of possible use. This is not a case where defendant produced a toy gun or unloaded gun. Toy guns and unloaded guns can be used to give an apparent possibility to commit a robbery first degree by the use of a dangerous weapon. However, mere words are not equivalent to a gun or a reasonable facsimile of a gun. Here, the cashier doubted the existence of a gun or defendant's ability to produce a gun. The cashier testified that if she thought he had a gun she would have given him the money. Defendant argues the state's evidence proved he did not possess, use, or threaten to use a dangerous instrument or deadly weapon. We agree.

Furthermore, the evidence supports a finding the cashier was not placed in fear. Although fear is not an element of attempt to commit robbery first degree, *State v. Burse,* 583 S.W.2d 221, 222 (Mo.App.1979), the admission of the absence of fear is probative to the issue of appearance. The cashier testified she was "kinda shocked" when defendant slammed the stick on the counter and demanded the money. However, this did not intimidate her nor did it stop her from asking to see a gun. She was "pretty sure" defendant did not have a gun. The state failed to make a submissible case on the element of apparent possibility to commit robbery first degree by the use of either a dangerous instrument or a deadly weapon. We conclude the state failed to prove the offense charged.

The judgment is reversed and defendant ordered discharged.

---

1. *Olds* involved § 564.011.1 RSMo 1978; that statute is identical to the 1994 provision.