STATE of Missouri, Plaintiff/Respondent,

v.

Wayne ROGERS, Defendant/Appellant.

No. 68926.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 2, 1997.

John M. Schilmoeller, Public Defender, St. Louis, for defendant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

JAMES R. DOWD, Judge.

Defendant appeals from a judgment entered upon a jury verdict convicting him of attempted robbery in the first degree, Sections 564.011 and 569.020 RSMo 1994. He was sentenced as a prior and persistent offender to a thirty year term of imprisonment. We affirm.

Between 6:00 a.m. and 7:00 a.m. on April 30, 1994, defendant entered a White Castle fast-food restaurant with a white handkerchief held up to his mouth with his left hand and with his right hand in his coat. He ordered six hamburgers from the cashier. The cashier rung up the defendant's order and told him his total. The cashier testified that defendant then said, "Put it in the bag." She further testified that as she walked to where the bags were kept, the defendant began to say, "Put the money in the bag." She testified that the defendant kept his

right hand in his coat the entire time. The cashier then walked away from the counter to tell her supervisor what was happening.

The drive-through window cashier, thinking that the defendant was a customer left unattended, then turned to the counter to assist him. She testified that the defendant, with his left hand still covering his mouth and his right hand still in his jacket, demanded that she put the money in a bag. The register drawer could not be opened without register keys. She further testified that the defendant persisted, in a harsher tone, to demand the money. A supervisor then threw the register keys to the drive-through cashier. She scrambled on the floor for the keys, but she could not find them. She testified that defendant then threatened that, "I better find the keys, or he was going to shoot my head off." She then ducked under the counter and eventually crawled to the supervisor's office. When she got to the office, the five other employees were crouched in the corner of the room.

From inside the office, the employees could hear someone rattling the cash register at the counter. No one ever saw a gun on the defendant, however, he never removed his right hand from his jacket. The drive-through cashier testified that she feared the defendant might act on his threat to shoot her head off because of the way he was edging up to the counter when he was making his demands.

■ On appeal, defendant challenges the sufficiency of the evidence to sustain the conviction. Defendant argues that the state failed to produce sufficient evidence to the jury proving beyond a reasonable doubt that defendant had an apparent possibility to commit a robbery in the first degree. When reviewing sufficiency of the evidence to support a conviction, we must accept as true all evidence and inferences tending to support the verdict and disregard all evidence and inferences to the contrary. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc), *cert. denied,* 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993).

The elements of robbery in the first degree as set out in section 569.020 RSMo 1994, are as follows:

A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,

(1) Causes serious physical injury to any person; or

(2) Is armed with a deadly weapon; or

(3) Uses or threatens the immediate use of a dangerous instrument against any person; or

(4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

Attempt is defined in Section 564.011 RSMo 1994, as follows:

A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

■ The elements constituting attempt are: (1) the intent to commit the crime, (2) an overt act toward its commission, (3) failure of consummation, and (4) the "apparent possibility" of commission. *State v. Olds,* 603 S.W.2d 501, 508 (Mo. banc 1980); *State v. Mulder,* 916 S.W.2d 346, 348 (Mo.App. E.D. 1996).

The defendant argues only that the state failed to produce sufficient evidence that he had an "apparent possibility" to commit a robbery in the first degree. Defendant argues that the evidence did not show beyond a reasonable doubt that he possessed, used or threatened to use what appeared to be a dangerous instrument or deadly weapon. Defendant cites *State v. Mulder* in support of his argument. In *Mulder,* the cashier was behind bullet-proof glass, the defendant had on nothing but shorts and he brandished only a stick. 916 S.W.2d at 348. The cashier, through her own observation, knew that regardless of his threats that the defendant did not have a gun. *Id.*

■ In the case at bar, however, the restaurant employees feared that the defen-

dant did in fact have a gun inside of his jacket. Fear is probative of the issue of appearance. *Id.* Reasonable jurors can find a defendant guilty of attempted robbery in the first degree if a display that a victim perceives as a gun is strongly corroborative of defendant's purpose of robbing the victim. *State v. Logan,* 809 S.W.2d 135, 137 (Mo.App. E.D.1991). The testimony shows that the employees were huddled in fear in the locked supervisor's office. It further showed that the drive-through cashier feared the defendant would carry out his threat of shooting her.

Defendant's repeated demands to "put the money in the bag," his threat to the cashier that he was going to "shoot [her] head off," and the perception of the employees that the defendant was holding a gun inside his coat, proved a substantial step towards the commission of the robbery and were strongly corroborative that defendant meant to rob the restaurant. Thus, reasonable jurors could have found the defendant guilty of attempted robbery in the first degree.

Defendant further argues that the evidence did not show beyond a reasonable doubt that he had the "apparent possibility" to complete the robbery because the cash register could not be opened. The register could have been opened and would have been opened had the register keys not been tossed, missed and then lost on the floor behind the counter. After the register keys were lost, the employees testified that from inside the supervisor's office, they heard the register being rattled. Accordingly, with this evidence a reasonable jury could have found beyond a reasonable doubt that defendant intended to complete the robbery, thus enabling it to find defendant guilty of attempted robbery in the first degree.

Judgment affirmed.

CRANE, P.J., and RHODES RUSSELL, J., concur.