

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| MONTEL BERRY, | ) | No. ED111112 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Rex M. Burlison |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: October 24, 2023 |

Montel Berry ("Movant") appeals from the motion court's judgment denying his amended Rule 24.035[1] post-conviction motion after an evidentiary hearing. Movant argues the motion court clearly erred in denying his amended motion because he proved by a preponderance of the evidence that he received ineffective assistance of counsel. The judgment is affirmed.

### Factual and Procedural Background

Movant seeks relief from his conviction and sentence following his guilty plea to one count of robbery in the first degree, in violation of section 569.020.[2] At the plea hearing, the State described the evidence it would present if the case proceeded to trial. Movant, along with two accomplices, approached the victim near a bus stop. Movant demanded that the victim hand over his property and told the victim that he "better give it up before [he] get[s] popped." Movant then gestured to one of his accomplices, who placed his hand on his waistband "as though he had a

---

[1] All rule references are to the Missouri Supreme Court Rules (2017). *See* Rule 24.035(m).
[2] All statutory references are to RSMo (2000), unless otherwise indicated.

weapon." Believing that the accomplice was armed, the victim gave Movant his property. Movant confirmed at the plea hearing that this recitation of the facts was accurate. The plea court accepted Movant's guilty plea and sentenced him to 15 years in prison, with execution of the sentence suspended pending successful completion of a five-year term of probation. At sentencing, the plea court noted that a mitigating factor was that "there probably was no gun at the robbery." The plea court later revoked Movant's probation and ordered the execution of his 15-year sentence.

Movant filed a pro se post-conviction motion to vacate, set aside, or correct the judgment or sentence pursuant to Rule 24.035. Appointed counsel filed an amended motion alleging, as relevant here, that Movant's plea counsel ("Counsel") was ineffective for advising Movant to plead guilty since neither Movant nor his accomplices threatened the use of what appeared to be a deadly weapon or dangerous instrument, and he thereby could not be guilty of the first-degree robbery to which he pleaded guilty. Movant argued that Counsel's erroneous advice to plead guilty rendered his guilty plea involuntary. The motion court held an evidentiary hearing on Movant's claim and heard the testimony of both Movant and Counsel.

The motion court later entered its judgment denying Movant's amended motion. In its judgment, the motion court recited the facts admitted by Movant at the plea hearing and concluded that "Movant has not shown that he did not threaten the use of a weapon in the course of forcibly stealing the victim's property." The motion court also found that the evidence adduced at the evidentiary hearing showed that Counsel "was aware of the facts of the case and the elements of the crime." This appeal follows.

### Standard of Review

We review the denial of a Rule 24.035 post-conviction motion for whether the motion court's findings and conclusions are "clearly erroneous." Rule 24.035(k); *Taylor v. State*, 403

S.W.3d 683, 686 (Mo. App. W.D. 2013). Findings and conclusions are clearly erroneous when a review of the record leaves this Court with the definite and firm impression that the motion court made a mistake. *Taylor*, 403 S.W.3d at 686.

To be entitled to post-conviction relief based on a claim of ineffective assistance of counsel, a movant must satisfy the two-pronged test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Taylor*, 403 S.W.3d at 686. In the guilty plea context, a movant must show: (1) deficient performance rendering his guilty plea unknowing or involuntary, i.e., "that his counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would exercise in a similar situation"; and (2) prejudice, i.e., that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 686-87 (citations omitted). If a movant fails to establish either the performance prong or the prejudice prong of the *Strickland* test, the claim of ineffective assistance of counsel must fail and we need not consider the other prong. *Id.* at 686.

**Discussion**

In his sole point on appeal, Movant argues the motion court clearly erred in denying his amended motion because his guilty plea was not knowing or voluntary in that Counsel erroneously advised Movant to plead guilty. According to Movant, because he and his accomplices were unarmed and displayed no physical objects, he could not have been guilty of threatening the use of what appeared to be a deadly weapon as required to be guilty of first-degree robbery, and Counsel should have informed him of this defense. We disagree.

An individual commits the offense of robbery in the first degree "when he forcibly steals property and in the course thereof he, or another participant in the crime, . . . threatens the use of

3

what appears to be a deadly weapon . . . ." Section 569.020.1.[3]  A deadly weapon is defined as "any firearm, loaded or unloaded, or any weapon from which a shot, readily capable of producing death or serious physical injury, may be discharged, or a switchblade knife, dagger, billy, blackjack or metal knuckles." Section 556.061(10).[4]

It has long been the law in Missouri that, to be found guilty of first-degree robbery, "[t]he fact that a victim perceives there to be a weapon that remains unseen is sufficient whether or not, in fact, such a weapon exists." *State v. Bolthouse*, 362 S.W.3d 457, 460 (Mo. App. S.D. 2012) (quoting *State v. Belton*, 949 S.W.2d 189, 192-93 (Mo. App. W.D. 1997)).  There must simply be sufficient evidence demonstrating that the victim reasonably believed the defendant was threatening the use of a deadly weapon—irrespective of its actual existence. *See id.* at 460-61. Based on these principles, Missouri courts have repeatedly held that sufficient evidence exists to support such a belief where "the defendant either made motions indicating he had a concealed weapon during the course of the robbery, he manifested physical indications suggesting the presence of a weapon while making threatening statements, or both." *Id.* at 460-61 (citing supporting cases); *see, e.g.*, *id.* at 461 (defendant kept hand in pocket during interaction and passed note containing words "stick up" and "die" to victims); *State v. Hudson*, 574 S.W.3d 796, 803-04 (Mo. App. W.D. 2019) (defendant demanded victim's vehicle and purse while she felt—but did not see—sharp object at her side, which victim believed was weapon); *Belton*, 949 S.W.2d at 192-

---

[3] Section 569.020 provides: "A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,
    (1)  Causes serious physical injury to any person; or
    (2)  Is armed with a deadly weapon; or
    (3)  Uses or threatens the immediate use of a dangerous instrument against any person; or
    (4)  Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.
Section 569.020.1.  On January 1, 2017, this offense was moved to section 570.023, RSMo (2016).  Section 570.023 mirrors its predecessor, section 569.020, and adds a fifth subsection.
[4] All references to section 556.061 are to RSMo (Cum. Supp. 2011).  The statutory definition of "deadly weapon" included in that version is nearly identical to that found in the updated versions of section 556.061. *See* section 556.061(22), RSMo (2016), and section 556.061(22), RSMo (Cum. Supp. 2022).

93 (defendant "jumped out of his car and approached [victim] with his hand in his pocket," yelled "Give me your purse, don't make me shoot you, give me your purse," and victim believed defendant had gun but never saw weapon).

Here, Movant verbally threatened the victim by stating that he would "get popped" if he did not surrender his property. In conjunction with this threat, one of Movant's accomplices made a physical movement suggesting the presence of a weapon by gesturing toward his waistband. The State indicated it would prove at trial that the victim believed Movant's accomplice had a gun. Under the governing law, these facts are sufficient to constitute first-degree robbery. *See Bolthouse*, 362 S.W.3d at 460.

Movant nonetheless asserts that *State v. Jackson*, 433 S.W.3d 390 (Mo. banc 2014) stands for the proposition that a physical object must be used and displayed during the robbery to constitute threatening the use of what appears to be a deadly weapon or dangerous instrument. He relies on a footnote from *Jackson*, which states:

> To be clear, this element requires the jury to find beyond a reasonable doubt that the defendant objectively displayed or threatened to use an object during the robbery. If so, the jury also must find that the object appeared to the victim—subjectively, but reasonably—to be a gun or other deadly weapon or dangerous instrument.

433 S.W.3d at 394 n.1. But this statement from *Jackson* simply echoes the longstanding precedent previously outlined. The *Jackson* court's use of the disjunctive "or" signifies that a defendant may either objectively display or threaten to use an object. Threatening to use an object encompasses those situations where the victim's perception of the threat of an object is formed by the circumstances—often a combination of verbal threats and physically suggestive movements—as opposed to the direct display of an object. Indeed, in a case decided after *Jackson*, the Western District reaffirmed this principle: "Evidence may be sufficient to establish the threatened use of

5

what appears to be a deadly weapon or dangerous instrument 'if the defendant . . . made motions indicating he had a concealed weapon during the course of the robbery . . . .'" *Hudson*, 574 S.W.3d at 803-04 (alterations in original) (quoting *Bolthouse*, 362 S.W.3d at 460).

Because the evidence was sufficient to constitute first-degree robbery, Counsel was not ineffective for not informing Movant of the purported defense and for advising Movant to plead guilty even though he and his accomplices were neither armed nor displayed any physical object during the robbery. *See Taylor*, 403 S.W.3d at 687 (affirming the denial of a Rule 24.035 post-conviction motion, which argued plea counsel was ineffective for failing to advise movant of a defense to first-degree robbery based on movant's failure to display or threaten the use of what appeared to be a deadly weapon, because "[t]he mere fact that the [victim] perceived [movant] to be armed with a weapon while demanding money is sufficient to support a conviction for robbery in the first degree"); *see also Harling v. State*, 172 S.W.3d 889, 892-94 (Mo. App. S.D. 2005); *Lewis v. State*, 24 S.W.3d 140, 142-45 (Mo. App. W.D. 2000).

Movant failed to establish that Counsel's advice was so deficient as to render his guilty plea unknowing and involuntary. The motion court did not clearly err in denying this claim. Point I is denied.

**Conclusion**

For the foregoing reasons, the judgment is affirmed.

_____

MICHAEL E. GARDNER, Judge

Kurt S. Odenwald, P.J., concurs.
Renée D. Hardin-Tammons, J., concurs.

6